UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AMEDISYS HOLDING, LLC,**

    **Plaintiff,**

v.                                     **Case No.: 8:20-cv-1031-JSM-AAS**

**SAM SIEBU,**

    **Defendant.**
_____/

## ORDER

Plaintiff Amedisys Holding, LLC (Amedisys) requests that the court order Defendant Sam Siebu to respond to Amedisys's Interrogatories and Production Requests in Aid of Execution, enter a finding of civil contempt against Mr. Siebu, and enter an order requiring Mr. Siebu to reimburse Amedisys for its reasonable attorney's fees incurred in relation to this motion and its prior motion to compel the requested discovery. (Doc. 25). Ms. Siebu did not respond and the and the deadline to do so has passed. *See* Local Rule 3.01(c), M.D. Fla.

**I. BACKGROUND**

Amedisys sued Mr. Siebu under 9 U.S.C. § 9 for confirmation of an arbitration award. (Doc. 3). After Mr. Siebu failed to respond or otherwise

1

appear, the court entered a default. (Doc. 11). As directed by the court, the Clerk entered a judgment for Amedisys and against Mr. Siebu for $100,000.00. (Doc. 12).

Amedisys moved to compel Mr. Siebu to provide responses to Amedisys's interrogatories and document requests in aid of execution of the judgment. (Doc. 19). An April 14, 2021 Order granted Amedisys's motion to compel and directed Mr. Siebu to respond to Amedisys's post judgment discovery requests (discovery order). (Doc. 20). The court cautioned Mr. Siebu that violating the discovery order may result in sanctions. (*Id.* at p. 2). To date, Mr. Siebu has not complied with the court's discovery order.

Amedisys now requests the court enter an order directing Mr. Siebu to respond to Amedisys's post judgment interrogatories and document requests, finding civil contempt against Mr. Siebu, and requiring Mr. Siebu to reimburse Amedisys for its reasonable attorney's fees for this motion and its previous motion to compel. (Doc. 25). After Mr. Siebu failed to timely respond to Amedisys's motion, the court entered an order to show cause directing Mr. Siebu to file a response and memorandum of law addressing why Amedisys's motion to compel and for sanctions should not be granted. (Doc. 29). The court again cautioned Mr. Siebu that failure to comply with its order may result in the imposition of sanctions. (*Id.* at p. 2). Mr. Siebu failed to comply with the

court's order to show cause.

## II. ANALYSIS

Rule 37(b) of the Federal Rules of Civil Procedure "authorizes a panoply of sanctions for a party's failure to comply with a discovery order." *Wyndham Vacation Ownership, Inc., v. Clapp Bus. Law*, LLC, No. 6:19-cv-756-Orl-41GJK, 2020 WL 3266059, at *2 (M.D. Fla. Apr. 2, 2020) (citation omitted). Rule 37(b)(2)(A) lists seven such sanctions, including "treating [the violation] as contempt of court." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Civil contempt "is a severe remedy," and the burden on a litigant requesting that sanction is therefore "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)). A party requesting civil contempt for noncompliance with a court order must demonstrate by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation and emphasis omitted); *see also F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

"Instead of or in addition to" contempt or the other sanctions available under Rule 37(b)(2)(A), the court must order a party who has failed to obey a

discovery order "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Strict adherence to Rule 37 is necessary to prevent "parties from flouting discovery orders." *Reed v. Fulton Cty. Gov't*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "[S]anctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to ensure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (per curiam). Although Mr. Siebu is proceeding pro se, this does not render him any less subject to sanctions than a represented party. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014) (per curiam) (observing that the sanctions available under Rule 37 "apply with equal force to pro se parties") (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350 (11th Cir. 2009) (per curiam) (noting that an unrepresented litigant is "subject to sanctions like any other litigant") (quoting *Moon*, 863 F.2d at 837).

The court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That discretion, however, is not unbridled. The

extent of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or to compensate the court or the parties for the added expense caused by the abusive conduct) (citations omitted).

Besides the authority under Rule 37, "[d]istrict courts have [the] inherent power to enforce compliance with their orders through civil contempt." *United States v. Marc*, No. 6:18-cv-2147-Orl-37EJK, 2019 WL 7461689, at *4 (M.D. Fla. Dec. 16, 2019) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)). "The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Melikhov v. Drab*, No. 2:19-cv-248-FtM-99MRM, 2019 WL 5176911, at *5 (M.D. Fla. July 1, 2019) (internal quotation marks and citation omitted).

Mr. Siebu has not complied with the court's discovery order directing him to respond to Amedisys's post judgment discovery requests. Nor has Mr. Siebu complied with the court's subsequent show cause order instructing him to address Amedisys's motion to compel and for sanctions. Mr. Siebu also has not offered any justification that would excuse his noncompliance with these

5

orders. Mr. Siebu's failure to comply with the court's directives has impeded Amedisys's efforts to collect on its judgment and has threatened the integrity of the post judgment discovery process. Thus, the imposition of sanctions against Mr. Siebu is warranted.

Under Rule 37(b)(2)(C), Mr. Siebu must pay Amedisys's reasonable expenses, including attorney's fees, incurred in bringing both their motion to compel (Doc. 19) and their motion for contempt and sanctions (Doc. 25). *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Mr. Siebu has not responded to these motions, much less shown that his actions were substantially justified or that his noncompliance was harmless. Fed. R. Civ. P. 37(b)(2)(C), (d)(3); *see also Weaver v. Lexington Ins. Co.*, No. 8:05-CV-1913-T-27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party must show that his non-compliance was substantially justified or harmless).

These sanctions are reasonable under the circumstances. Mr. Siebu is again cautioned that if he continues to refuse to participate in post judgment discovery process, additional sanctions may be warranted, including a finding

of contempt and a daily fine until he complies. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Grace v. Ability Recovery Servs., LLC,* No. 3:18-CV-962-J-39JRK, 2020 WL 7389918, at *3 (M.D. Fla. Jan. 13, 2020), *report and recommendation adopted,* No. 3:18-CV-962-J-39JRK, 2020 WL 7389991 (M.D. Fla. Feb. 12, 2020).

### III.   CONCLUSION

Accordingly, it is **ORDERED**:

(1)   Amedisys' Motion to Compel and for Sanctions against Mr. Siebu (Doc. 25) is **GRANTED in part**. No later than **February 15, 2022**, Mr. Siebu must comply with the court's April 14th discovery order and respond to Amedisys's Interrogatories and Production Requests in Aid of Execution.

(2)   Amedisys's request for a finding of civil contempt is **TAKEN UNDER ADVISEMENT**. A show cause hearing is scheduled before the undersigned on **February 24, 2022, at 2:00 p.m.**, in the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Courtroom 10B, Tampa, Florida, 33602.[1] All parties or their counsel must attend. If Mr. Siebu complies with the court's discovery order prior to the show cause hearing, Amedisys must file a notice and the hearing will be canceled.

---

[1] Courtroom may be subject to change based on availability.

(3)     Amedisys is awarded its reasonable expenses, including attorney's fees, incurred in bringing both its motion to compel (Doc. 19) and this motion for contempt and sanctions (Doc. 25). No later than **February 28, 2022**, Amedisys must file an attorney's fee declaration and supporting documentation, including an itemization of the time expended by counsel, establishing such attorney's fees and costs.

**ENTERED** in Tampa, Florida on January 26, 2022.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge


cc:

Sam Siebu
28484 Pleasant Bay Loop
Wesley Chapel, FL 33543